# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLAIRE J. LEE, | Civil No. 15-3801 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION** |
| REGIONS HOSPITAL, HEALTH PARTNERS INC., and PARK NICOLLET CLINICS, | |
| Defendants. | |

Claire J. Lee, 10101 Lyndale Avenue South, Apartment 219, Bloomington, MN 55420, *pro se* plaintiff.

Carolin J. Nearing, **LARSON KING, LLP**, 2800 Wells Fargo, 30 East Seventh Street, St. Paul, MN 55101, for defendants.

Plaintiff Claire J. Lee brings this action against Defendants Regions Hospital, Health Partners Inc., and Park Nicollet Clinics (collectively, "Defendants") based on a hospital visit in October 2013. (Am. Compl. ¶ 7, Oct. 13, 2015, Docket No. 3.) Lee initially filed this action on October 5, 2015. (Compl., Oct. 5, 2015, Docket No. 1.) On May 26, 2016, U.S. Magistrate Judge Janie S. Mayeron entered a pretrial scheduling order setting a discovery deadline for May 1, 2017. (Pretrial Scheduling Order at 3, May 26, 2016, Docket No. 16.) On June 6, 2017, Lee filed a motion seeking a four-to-six month extension of the discovery deadline based on events in her life that had made it difficult to comply with the deadline, including losing her house, disability, and a death in the family. (Pl.'s Mot. for Extension of Time, June 6, 2017, Docket No. 24.)

Defendants opposed the request, noting that Lee had failed to respond to any of Defendants' correspondence and Lee had not complied with any deadlines in this case. (Defs.' Letter to Magistrate Judge at 1, June 2, 2017, Docket No. 22.)

On June 7, 2017, U.S. Magistrate Judge Katherine Menendez granted Lee's request, finding good cause for "a modest extension of the remaining deadlines in this case" and extending the discovery deadline to August 7, 2017. (Order at 2, June 7, 2017, Docket No. 26.) The Magistrate Judge, however, noted "the lengthy time this case has been pending" and that the pretrial scheduling order "allowed a significant time for the completion of discovery." (*Id.*) Accordingly, the Magistrate Judge stated that "further extensions will not be granted." (*Id.*)

On August 10, 2017, Lee filed a letter, which the Court construes as an objection to the Magistrate Judge's June 7 Order. (Pl.'s Obj. to Order, Aug. 10, 2017, Docket No. 29.) Lee argues that the Magistrate Judge's decision not to allow further extensions was an abuse of discretion. (*Id.* at 1.) Lee discusses the events of the past year, which she argues prevented her from completing discovery. (*Id.*) Lee contends that she has established good cause to further extend the discovery deadline based on her disabilities and health issues. (*Id.* at 2.) Defendants oppose Lee's request and challenge Lee's contention that she could not have complied with the deadline in this case; notably, Defendants state that Lee represented herself in other litigation during the pendency of this case, including completing a trial and appeal in March 2017. (Defs.' Letter to District Judge, Aug. 8, 2017, Docket No. 27; *see also* Defs.' Letter to Magistrate Judge at 1-2 (noting Lee's participation in other litigation).)

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).

The Court finds no error in the Magistrate Judge's decision not to allow further extensions of the discovery deadline. This case has been pending for close to two years. According to Defendants' representations, which Lee has not contested, Lee has not complied with any deadlines in this case, responded to Defendants' attempts to comply with deadlines in this case, or engaged in any discovery during the existing discovery period. There is no indication that Lee has attempted to diligently pursue her claims in this case, even while she participated in other litigation; further, there is no indication that Lee will complete discovery, rather than seeking further extensions, if the Court grants an extension. Finding no error in the Magistrate Judge's Order, the Court will overrule Lee's objection and affirm the Magistrate Judge's June 7 Order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Lee's Objection [Docket No. 29] is **OVERRULED** and the Magistrate Judge's June 7, 2017, Order [Docket No. 26] is **AFFIRMED**.

DATED: October 2, 2017  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              Chief Judge
                                              United States District Court